IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TYRANT O. GABLE                                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO: 1:04cv581WJG-JMR

KLAIPEDA TRANSPORT FLEET, LTD.;
LASKARIDIS SHIPPING CO., LTD;
M/V ERIDANAS and JOHN DOES A-D                                  DEFENDANTS

KLAIPEDA TRANSPORT FLEET, LTD.                      THIRD-PARTY PLAINTIFF

VERSUS

THE HUMAN PERFORMANCE CENTER -
RIDGELAND, A DIVISION OF HUMAN
PERFORMANCE COMPANY, INC.                            THIRD-PARTY DEFENDANT


MEMORANDUM OPINION AND ORDER

　　　This cause is before the Court on the motion [41-] to dismiss third-party complaint filed by the Third-Party Defendant, The Human Performance Center [HPC], pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Statement of Facts

　　　On or about January 24, 2004, Plaintiff filed his Complaint against Defendants, including Third-Party Plaintiff Klaipeda Transport Fleet, Ltd. [Klaipeda], for injuries sustained when Plaintiff's leg allegedly "fell through a hole in the wooden deck of a dimly let cargo hold on the 'Eridanas' causing him to sustain severe, painful and permanent injuries to his left knee and body as a whole." (Ct. R., Doc. 1, Compl., ¶ 10.) Defendants removed the action to this Court basing

jurisdiction on 28 U.S.C. § 1330, actions against foreign states, and 28 U.S.C. § 1332, actions between diverse parties. After receiving leave, Klaipeda filed its Third-Party Complaint against HPC for indemnity or contribution for any potential liability for injuries to Plaintiff allegedly caused by HPC's administration of a two-day functional capacity evaluation taken by Plaintiff.

As the factual basis for its Third-Party Complaint, Klaipeda states:

> As a result of the activities that the plaintiff was required to perform as part of the functional capacity evaluation, he allegedly suffered additional injuries separate and distinct from those previously alleged. Specifically, plaintiff claims that he injured his back.
>
> Plaintiff's attorney recently represented that he intends to hold Klaipeda liable for the alleged negligence of HPC and its representative, [Tim] Cunningham, in conduction the functional capacity evaluation.

(Ct. R., Doc. 33, ¶¶ 8-9.) Procedurally, Klaipeda relies upon Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure in filing the Third-Party Complaint. Subsequently, HPC filed the instant motion to dismiss, alleging that Klaipeda failed to comply with certain state statutes and that said failure deprives this Court of subject matter jurisdiction.

## Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) or for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.

1995) (quoting, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).  In deciding whether dismissal is warranted, the court will not accept conclusional allegations in the complaint as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Discussion

In filing its Third-Party Complaint, Klaipeda relies upon Rule 14(c) to implead HPC. (Ct. R., Doc. 33.)  Rule 14 (c) provides, *inter alia*, that a defendant may bring in a third-party "[w]hen a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h)." FED. R. CIV. P. 14(c).  In turn, Rule 9(h) states in pertinent part that:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c) . . . .

FED. R. CIV. P. 9(h).  Thus, for Klaipeda to proceed under Rule 14 (c), the conditions in Rule 9(h) must be satisfied.

Because the instant case was removed based on this Court's original jurisdiction over actions against foreign states, 28 U.S.C. § 1330, and between diverse parties, 28 U.S.C. § 1332, (Ct. R., Doc. 1, ¶¶ 5 and 8), the Plaintiff must have provided a statement in his Complaint identifying the claim as "an admiralty or maritime claim for the purposes of Rule 14(c)" or "within the meaning of Rule 9(h)."  *See Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989); *Harrison v. Glendale Drilling Co.*, 679 F. Supp. 1413, 1418 (W.D. La. 1988).  *See also* FED. R. CIV. P., Forms 2 and 15.  "A plaintiff's allegation that his claim is within the admiralty and maritime jurisdiction is not sufficient to make it an admiralty and maritime claim within the

meaning of Rule 9(h), if the claim is also within the district court's jurisdiction on some other ground." *Harrison*, 679 F. Supp. at 1418. *See Bodden*, 879 F.2d at 186; *Smith v. Pinell*, 597 F.2d 994, 996 n. 2 (5th Cir. 1979).

Plaintiff's jurisdictional statement provides that "[j]urisdiction and venue of this case is established pursuant to 33 U.S.C. § 905(b), General Maritime Law, Admiralty Law, Common Law, Applicable Statutory Law and Mississippi Law." (Ct. R., Doc. 1, Compl., ¶ 6.) Clearly, the Complaint does not mention Rules 9(h) or 14(c). Such language is inadequate to invoke this Court's admiralty jurisdiction. *See Bodden* at 186 (finding the statement "pursuant to Admiralty and General Maritime laws of the United States as well as the Jones Act and applicable state and federal statutes" insufficient to invoke the court's admiralty or maritime jurisdiction where no reference was made to Rules 14(c) or 9(h)); *Smith* at 996 n. 2 (finding the statement "(t)his is a case of Admiralty and Maritime Jurisdiction" insufficient to invoke Rule 9(h)); *Harrison* at 1418-19 (finding that asserting claims under the Jones Act and general maritime law insufficient to invoke Rule 9(h)).

Beyond failing to mention Rules 9(h) or 14(c), Plaintiff filed his Complaint in state court rather than federal court, which maintains exclusive jurisdiction over admiralty actions. 28 U.S.C. § 1333. *See Bodden* at 186. Further, when Klaipeda removed this action based on 28 U.S.C. §§ 1330 and 1332, Plaintiff did not object to the basis of jurisdiction or assert alternative jurisdiction in admiralty. *See Bodden* at 186. Based on the considerations stated herein, the Court finds that Plaintiff has failed to properly invoke Rule 9(h) and therefore, Klaipeda's attempt to implead HPC under Rule 14(c) is improper. Although not for the reasons contained therein,

HPC's motion to dismiss should be granted, and the Third-Party Complaint dismissed without prejudice.

The Court is mindful that Plaintiff now wishes to proceed in admiralty and without a jury, having filed a Motion to Strike Jury Designation and invoking Rule 9(h). (Ct. R., Doc. 73.) Rule 9(h) provides that "[t]he amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15." FED R. CIV. P. 9(h). Therefore, Plaintiff has a procedure available to properly seek to invoke Rule 9(h).

Although not part of the reasoning for its holding, the Court is uncertain whether the Plaintiff's alleged back injury that occurred during discovery in this case is part of the same transaction, occurrence or series of transactions or occurrences as relates to the Plaintiff's knee injury aboard ship. *See* FED. R. CIV. P. 14(c). Additionally, the Court, at this time, has serious misgivings whether it would have subject matter jurisdiction over the Third-Party Complaint. *See Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670 (S.D. Ala. 2001) (finding that the court lacked admiralty and supplemental jurisdiction over third-party complaint alleging malpractice against physician who treated Plaintiff on land for injury that occurred upon navigable waters); *Harrison* at 1419-22 (finding that the court lacked admiralty jurisdiction over third-party complaint alleging malpractice against physician who treated seaman on land for injury that occurred upon navigable waters). Finally, the Court is concerned whether the Third-Party Complaint presents a case or controversy that is presently justiciable given that Plaintiff has not amended his Complaint alleging a claim or seeking damages for the admittedly "separate and distinct" injury to his back. *See Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989); *Rollin*, 211 F.R.D. at 678.

For the reasons stated herein, the Court finds that HPC's motion to dismiss third-party complaint should be granted. It is therefore,

ORDERED AND ADJUDGED that HPC's motion to dismiss third-party complaint [41-1] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the Third-Party Complaint be, and is hereby, dismissed without prejudice.

SO ORDERED AND ADJUDGED this the 10th day of May, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE